# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                     Case No. 08-32229-WRS
                                               Chapter 7

JANE DOE II,

        Debtor

SUSAN SHIROCK DEPAOLA, TRUSTEE,

        Plaintiff                          Adv. Pro. No. 10-3016-WRS

    v.

CLIFTON CHESTNUT; ARTHUR
C. VICE; LAVADA VICE; THOMAS
E. COOPER; CLAUDE M. COOPER;
CAPITAL ONE BANK,

        Defendants

## MEMORANDUM DECISION

    This Adversary Proceeding came before the Court for trial on September 29, 2010.

Plaintiff Susan DePaola was in court in person and by counsel Von G. Memory. Defendant

Clifton Chestnut was in court in person but was not represented by counsel. None of the other

Defendants answered or appeared.

    This Court has jurisdiction to hear this proceeding pursuant to 28 U.S.C. § 1334. This is

a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(N). This proceeding is brought

pursuant to 11 U.S.C. §§ 704(a), and 363(h).

    It appears from the Court's record that Defendants Arthur C. Vice, Lavada Vice, Thomas

E. Cooper, Claude M. Cooper, and Capital One Bank were served but did not answer.

Accordingly, these Defendants are in default and judgment by default will be entered against them by way of a separate document.

The Trustee seeks to sell three parcels of property in Dallas County, Alabama, which are described more particularly in her complaint. The Debtor owned an undivided one-half interest in the three parcels and her former spouse Defendant Clifton Chestnut owns the remaining one-half interest. The Trustee seeks to sell the entire fee interest in the three parcels, keeping one-half of the proceeds for the estate and ultimately the benefit of the creditors and paying the remaining one-half to Chestnut.[1]

Section 363(h), of Title 11 of the United States Code provides as follows:

> Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, and undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if–
>
> (1) partition in kind of such property among the estate and such co-owner is impracticable;
>
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> (3) the benefit to the estate of a sale of such property free of the interest of co-owners outweighs the detriment, if any, to such co-owners; and
>
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

---

[1] The Trustee may have a claim against the co-owner's one-half interest pursuant to 11 U.S.C. § 506(c). The amount of the Trustee's claim, if any, is not yet ripe for adjudication.

2

The three parcels in question are noncontiguous properties. One is a single-family residence on a city lot. The second is a small commercial building, presently unoccupied, on a single lot. The third is a vacant lot. The evidence indicates that none of the three parcels may be subdivided. Moreover, the evidence showed that it would not be feasible to sell a one-half interest in the properties. The Court notes that Chestnut will suffer some detriment as he resides in the residential property, however, there is no other way the Trustee may carry out her responsibilities in this case without selling the properties. Therefore, the benefit to the estate of a sale of the property free of the interest of Chestnut, outweighs the detriment to him. The Court considered selling the vacant lot and commercial property first, however, it does not appear that there is sufficient value in those two properties to permit the Trustee to release the residential property. As a final matter, none of the property in question is used in the production, transmission or distribution of electric energy or natural or synthetic gas.

Having heard the evidence, the Court concludes that judgment should be entered in favor of the Trustee. Pursuant to 11 U.S.C. § 363(h), the Trustee may sell both the estate's interest and the co-owner's interest in the subject real property. Judgment will be entered by way of a separate document.

Done this 6th day of October, 2010.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Von G. Memory, Attorney for Plaintiff
   Clifton Chestnut, *906 Mangum Avenue, Selma, Alabama 36701*
   Arthur C. Vice
   Lavada Vice
   Thomas E. Cooper
   Claude M. Cooper
   David Chip Schwartz, Attorney for Capital One Bank

3